**VENABLE LLP**
Ari N. Rothman (State Bar No. 296568)
anrothman@venable.com
Allison C. Nelson (State Bar No. 319321)
acnelson@venable.com
Abigail C. Zeimis (State Bar No. 347011)
aczeimis@venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
SMARTY, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE FOSTER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMARTY, LLC,<br><br>Defendant. | Case No. **'24CV0113 BAS BGS**<br><br>Hon.<br>Courtroom<br><br>**DEFENDANT SMARTY, LLC'S NOTICE OF REMOVAL**<br><br>[San Diego County Superior Court Case No. 37-2023-00054414-CU-NP-CTL]<br><br>Action Filed: November 21, 2023<br>Removal Date: January 17, 2024 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Smarty, LLC hereby removes to this Court the above-referenced action from the Superior Court of the State of California for the County of San Diego.

### *Statement of The Case*

1. Plaintiff Catherine Foster filed a complaint that commenced this action, individually and purportedly on behalf of all others similarly situated, in the Superior Court of the State of California for the County of San Diego captioned *Catherine Foster v. Smarty, LLC* (Case No. 37-2023-00054414-CU-NP-CTL). Plaintiff alleges that Smarty violated California and Massachusetts law by allegedly charging consumers monthly fees after the consumers have attempted to cancel their membership. Smarty denies liability, denies that plaintiff or any punitive class member suffered any damages by reason of any allegation in the complaint, and denies that any class can or should be certified.

### *Removal Under the Class Action Fairness Act*

2. This action is properly removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: (i) it is a purported class action; (ii) the putative class exceeds 100 individuals; (iii) the plaintiff is a citizen of a state different from the defendant; (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs; and (v) none of the exceptions to removal under CAFA apply. 28 U.S.C. § 1332(d).

3. This case is a purported class action. (Compl. ¶¶ 1, 4, 28-36.)

4. Plaintiff alleges that "the Class is likely to include thousands of individuals." (Id. at ¶ 32.)

5. Plaintiff alleges that "Plaintiff Catherine Foster is a citizen of Adams, Massachusetts." (Id. at ¶ 5.) Smarty is a limited liability company with only

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

California members. As such, Smarty is a California citizen. *Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Therefore, plaintiff is a citizen of a different state than the defendant, meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)(A).

6. The amount in controversy exceeds $5,000,000, although Smarty denies that it is liable, or that plaintiff or any putative class member is entitled to any relief by reason of the allegations set forth in plaintiff's complaint. Plaintiff seeks, among other things "an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practice set forth above" on behalf of two putative classes. (Compl. ¶¶ 53, 66, 76; id. at Prayer for Relief (d).) The statute of limitations on a violation of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 et seq., is four years. Cal. Bus. & Prof. Code, § 17208. While reserving all rights to dispute that California law applies to some or all of plaintiff's claims and/or those of putative class members, Smarty represents that, in the four years prior to the filing of the complaint, its customers from the United States incurred more than $5,000,000 for the type of subscription charges over which plaintiff complains in this lawsuit. Therefore, the amount in controversy exceeds $5,000,000.

7. Neither of the two mandatory exceptions set forth in 28 U.S.C. § 1332(d)(4) requiring this Court to decline jurisdiction under CAFA apply here.

8. First, the local controversy exception set forth in 28 U.S.C. § 1332(d)(4)(A) does not apply.

  a. Under the local controversy exception, the "principal injuries resulting from the alleged conduct or any related conduct of each defendant" must be "incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(III).

b.     Here, the only named plaintiff is a Massachusetts resident. Therefore, the alleged principal injuries necessarily did not occur in California, the "State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(III).

c.     Additionally, the local controversy exception does not apply where "defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states, the case would not qualify for this exception." *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLX), 2005 WL 3967998, at *12 (C.D. Cal. Nov. 21, 2005) (quoting S. Rep. No. 109-14 at 40–41). Thus, federal district courts in the Ninth Circuit consider whether the conduct alleged in the complaint could have caused harm to people or places nationwide. *Marino v. Countywide Fin. Corp.*, 26 F. Supp. 3d 949, 954–55 (C.D. Cal. 2014).

d.     Here, plaintiff premises her complaint on nationwide conduct, as she alleges in her complaint that she filed it "on behalf of the general public to prevent Smarty from continuing to engage in the deceptive and misleading practices described herein." (Compl. ¶ 55; *see also* id. at ¶ 65 ("Plaintiff seeks injunctive relief on behalf of *the general public* to prevent Smarty from continuing to engage in these deceptive and illegal practices.") Smarty's website is advertised and made available nationwide. Plaintiff does not allege that the allegedly wrongful acts are targeted at California over any other state, or that the principal injuries were sustained only in California, as plaintiff herself is a Massachusetts resident. (Compl. ¶ 5.) Accordingly, the local controversy exception does not apply.

-3-
PROOF OF SERVICE

9. Second, the home state controversy exception set forth in 28 U.S.C. § 1332(d)(4)(B) does not apply.

    a. The home state controversy exception applies where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

    b. Although plaintiff purports in her complaint to represent a California class and a Massachusetts subclass, plaintiff's counsel on January 5, 2024, informed Smarty's counsel that the complaint was erroneously drafted to include a putative California class and Massachusetts subclass, and that the California class was actually intended to be a nationwide class. With this correction, Smarty represents that less than two-thirds or more of the members of all proposed plaintiff classes in the aggregate are California citizens, thereby rendering the exception set forth in 28 U.S.C. § 1332(d)(4)(B) inapplicable.

10. The discretionary exceptions set forth in 28 U.S.C. § 1332(d)(3) do not permit declining jurisdiction over this lawsuit.

    a. A court may decline to exercise jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).

    b. Here, California citizens do not comprise more than one-third of the members of all proposed plaintiff classes, thereby rendering the exception set forth in 28 U.S.C. § 1332(d)(3) inapplicable.

### *Procedural Requirements For Removal Are Met*

11. This notice of removal is timely filed under 28 U.S.C. § 1446, as it is filed within 30 days of Smarty's receipt of the initial pleading purporting to set forth the claims for relief on which this action is based. Smarty was served a copy of the complaint on December 19, 2023. The filing of this notice of removal, therefore, is timely because Smarty files the notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

12. Smarty files herewith true and correct copies of the state court filings it has obtained, including copies of all process, pleadings, and orders: Exhibit 1 (Complaint); Exhibit 2 (Summons); Exhibit 3 (Civil Case Cover Sheet); Exhibit 4 (Notice of Judicial Assignment).

13. Pursuant to 28 U.S.C. § 1446(d), Smarty is filing with the clerk of the Superior Court of the State of California for the County of San Diego, and serving upon plaintiff, a Notice to Adverse Party and State Court of Removal of Action to Federal Court. Proof of the same will be filed with this Court.

14. Smarty has complied with 28 U.S.C. § 1446(b)(2)(A) insofar as there are no other defendants that must join in or consent to removal.

15. No previous application has been made for the relief requested herein.

16. The notice of removal has been signed pursuant to Fed. R. Civ. P. 11.

17. Smarty reserves the right to amend or supplement this notice of removal.

18. If plaintiff seeks to remand this case to state court, Smarty respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding the case. If the Court decides that remand is proper, Smarty asks that the Court retain jurisdiction and allow Smarty to file a motion asking this Court to certify any remand order for review by the Ninth Circuit, pursuant to 28 U.S.C. § 1292(b).

## *Conclusion*

19. Based on the foregoing, Smarty removes the San Diego Superior Court action to this Court.

Dated:  January 17, 2024                             VENABLE LLP

By: _____
    Ari N. Rothman
    Allison C. Nelson
    Abigail C. Zeimis

*Attorneys for Defendant*
SMARTY, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, CA 90067.

On, **January 17, 2024** I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT SMARTY, LLC'S NOTICE OF REMOVAL** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Sophia Goren Gold, Esq.<br>**KALIELGOLD PLLC**<br>950 Gilman Street, Suite 200<br>Berkeley, California 94710<br>Telephone: (202) 350-4783<br>sgold@kalielgold.com | *Attorneys for Plaintiff*<br>CATHERINE FOSTER |

Jeffrey D. Kaliel, Esq.
Amanda J. Rosenberg, Esq.
**KALIELGOLD PLLC**
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielgold.com
arosenberg@kalielgold.com

Christopher D. Jennings, Esq.
Tyler B. Ewigleben, Esq.
**JOHNSON FIRM**
610 President Clinton Avenue, Suite 300
Little Rock, Arkansas 72201
Telephone: (501) 372-1300
chris@yourattorney.com

☑    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑    **BY ELECTRONIC MAIL (FRCP 5(b)(E))**: I transmitted the above-stated document(s) and an unsigned copy of this declaration from my computer (electronic notification address (jbjaramillo@venable.com) located Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, CA 90067 to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic transmission was agreed upon based on a court order or an agreement of the parties to accept service.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on, January 17, 2024 at Los Angeles, California.

_____
Jessica B. Jaramillo